NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4965-15T3

VERONICA BARLEY,

 Plaintiff-Respondent,

and

GLEN BEST,

 Plaintiff,

v.

ARNELL D. BARLEY,

 Defendant-Appellant,

and

DARRELL R. ANDERSON, SHOHN W.
BINGHAM and SHARON C. THOMAS,

 Defendants.
______________________________

 Argued February 8, 2017 – Decided October 20, 2017

 Before Judges Simonelli, Carroll and Gooden
 Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County, Docket
 No. L-6976-15.

 Glenn A. Montgomery argued the cause for
 appellant (Montgomery Chapin & Fetten, PC,
 attorneys; Mr. Montgomery and Michael D.
 Noblett, on the briefs).

 Cory J. Rothbort argued the cause for
 respondent (Sellar Richardson, PC, attorneys;
 John M. Kearney, of counsel; Mr. Rothbort, on
 the brief).

 The opinion of the court was delivered by

SIMONELLI, J.S.C.

 By leave granted, defendant Arnell D. Barley appeals from the

March 29, 2016 Law Division order, which dismissed her counterclaim

with prejudice based on the two year statute of limitations (SOL),

N.J.S.A. 2A:14-2(a). Defendant also appeals from the May 13, 2016

order, which denied her motion for reconsideration. For the

following reasons, we reverse and remand for further proceedings.

 The facts are straightforward. Defendant and plaintiff

Veronica Barley are stepsisters. According to plaintiff, on April

5, 2013, she and defendant had a verbal dispute that turned into

a physical altercation, during which defendant scratched her arms

and tried to run her over with a car, causing her to fall and

sustain injuries. According to defendant, plaintiff was the

aggressor and caused her injuries that required medical treatment.

 On April 6, 2015, plaintiff filed a complaint against

defendant, seeking damages for the injuries sustained on April 5,

 2 A-4965-15T3
2013.1 Because April 5, 2015 was a Sunday, the complaint was

timely filed on Monday, April 6, 2015. See R. 1:3-1. In her

first responsive pleading, defendant asserted a counterclaim,

seeking damages for injuries sustained as a result of the same

incident.

 Plaintiff filed a motion to dismiss the counterclaim pursuant

to Rule 4:6-2(e) based on the SOL. The motion judge granted the

motion, and later denied defendant's motion for reconsideration.

The judge acknowledged that in Molnar v. Hedden, 138 N.J. 96

(1994), our Supreme Court left open the question of whether a

counterclaim filed after the SOL expired could relate back to a

timely filed claim by an opposing party. However, the judge

concluded that the relation-back doctrine under Rule 4:9-3 and

equitable tolling did not apply to permit the untimely

counterclaim. This appeal followed.

 Our review of a trial court's decision on a Rule 4:6-2(e)

motion to dismiss is plenary and we owe no deference to the trial

judge's conclusions. Rezem Family Assocs., LP v. Borough of

Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied,

208 N.J. 366 (2011). We also owe no deference to a trial court's

1
 Plaintiff also asserted claims against other defendants for
alleged injuries she sustained in an unrelated motor vehicle
accident. The trial court severed plaintiff's claims against
defendant from the claims against the other defendants.

 3 A-4965-15T3
legal conclusions, and review issues of law de novo. Mountain

Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193

(App. Div. 2008), certif. denied, 199 N.J. 129 (2009).

 Defendant's contentions on appeal focus on principles of

equity and fairness. Citing Molnar, supra, defendant argues that

if equitable considerations exist, as they do here, courts should

use them to determine whether the purpose of the SOL -- to protect

against the litigation of stale claims, stimulating diligent

prosecution of claims, penalizing dilatoriness, and serving as a

measure of repose -- is served by its application. Defendant also

argues that barring a germane counterclaim undermines the

principal consideration behind SOLs of fairness to the defendant.

 Defendant posits it is inequitable and unfair to bar a germane

counterclaim in an initial responsive pleading that arises out of

the same facts and circumstances of the complaint, where, such as

here, the plaintiff files a complaint on the last day of the SOL.

Defendant also argues that barring her counterclaim serves no

purpose of the SOL, as the claims asserted therein do not promote

any measure of repose and are not stale because the same facts are

required to support the affirmative relief sought by both parties.

 In Molnar v. Hedden, 260 N.J. Super. 133, 136 (App. Div.

1992), the defendant had filed a responsive pleading and later

filed a motion for leave to amend to assert a counterclaim arising

 4 A-4965-15T3
out of the same transaction as pleaded in the complaint after the

SOL had expired. Id. at 140. Viewing the matter under the Rule

4:9-3 relation-back lens, we held that the plaintiff's action was

still pending when the motion was filed and that

 application of our well-settled and liberal
 procedural jurisprudence dictates the
 conclusion that a counterclaim arising out of
 the same transaction as pleaded by the
 complaint and therefore meeting the test of
 R. 4:9-3 -- that is to say, a litigation
 component embraced by the entire controversy
 doctrine -- is eligible for the relation-back
 principle of the rule and consequently for
 protection from the limitations bar.

 [Ibid.]

 We then discussed tolling as an alternative for excepting a

transactionally-related counterclaim from the SOL bar. Id. at

145. Citing 6 Charles A. Wright, Arthur R. Miller & Mary Kane

Federal Practice and Procedure § 1419 at 152 (1990), we stated:

"In analyzing the cognate federal rules, Professors Wright, Miller

and Kane note that the majority of federal courts have taken the

view that 'the institution of plaintiff's suit tolls or suspends

the running of the statute of limitations governing a compulsory

counterclaim.'" Id. at 144-45. We were "persuaded that the

federal rationale of tolling in respect of compulsory

counterclaims applies fully to our definition of a required

 5 A-4965-15T3
component of the controversy." Id. at 145. We subscribed to the

view stated in 6 Wright, supra, § 1419 at 152-53 that:

 This approach precludes plaintiff, when the
 claim and counterclaim are measured by the
 same period, from delaying the institution of
 the action until the statute has almost run
 on defendant's counterclaim so that it would
 be barred by the time defendant advanced it.
 Nor is plaintiff apt to be prejudiced by the
 tolling of the statute, since he presumably
 has notice at the time he commences his action
 of any counterclaim arising out of the same
 transaction as his suit. Moreover, the
 necessarily close relationship between the
 timely claim and the untimely counterclaim
 should insure that the latter is not 'stale'
 in the sense of evidence and witnesses no
 longer being available; they should be as
 accessible for adjudicating the counterclaim
 as they were for the main claim.

 [Ibid. (emphasis added).]

 Lastly, we noted the tolling rationale, not Rule 4:9-3, will

save a counterclaim asserted in a first responsive pleading from

the SOL bar, stating:

 But it is also possible that a counterclaim
 might be sought to be asserted after the
 running of the [SOL] by way of a first
 responsive pleading where no prior answer was
 filed. In that case, the responsive pleading,
 not constituting an amended pleading, would
 not be technically subject to R. 4:9-3. But
 the counterclaim therein asserted would
 nevertheless relate back to the date of the
 filing of the complaint under a tolling
 rationale.

 [Id. at 146 (emphasis added).]

 6 A-4965-15T3
 While not binding, Comment 4 to Rule 4:7-1 expresses a similar

rationale:

 Although [Rule 4:7-1] does not expressly
 so state, ordinarily a germane counterclaim
 will not be barred by the statute of
 limitations if the complaint itself is timely.
 A germane counterclaim is conceptually akin to
 an amended pleading that states a claim or
 defense arising out of the same conduct,
 transaction or occurrence as the original
 claim, and R. 4:9-3 expressly provides for
 relation back in that situation. The only
 difference is the identity of the party raising
 the germane claim, and it would seem to make
 little functional difference whether a party
 amends his own pleading to add a germane claim
 or if the adverse party responds with a germane
 claim. The policy of the [SOL] is no more
 offended in one case than the other.

 [Pressler & Verniero, Current N.J. Court
 Rules, comment 4 on R. 4:7-1 (2018).]

 The Court reversed our decision in Molnar on other grounds.

The Court found the relation-back doctrine of Rule 4:9-3 was

inapplicable because by the time the defendant sought to file his

counterclaim, the SOL had run and the plaintiff's claims had been

disposed of. Molnar, supra, 138 N.J. at 103-04. The Court did

not rule on "whether [the] counterclaim, whether considered

germane or new, pressed after the [SOL] expired but while

plaintiff's claim was still 'alive' could be saved by virtue of

the relation-back doctrine." Id. at 105.

 7 A-4965-15T3
 In addition, the Court did not determine whether the

plaintiff's suit tolled the defendant's SOL, stating:

 The reasons for finding such a tolling is to
 prevent a plaintiff from waiting until shortly
 before the statute of limitations has expired
 to file to prevent a defendant from asserting
 a cause of action. That circumstance is not
 present in this case. Nothing in the record
 suggests that plaintiff delayed filing, and
 defendant had time within which to file a
 counterclaim before the running of the statute
 of limitations. Cases that toll the statute
 of limitations, thereby allowing the defendant
 to assert a counterclaim after the statute of
 limitations would normally have run, do so
 because of the inherent inconsistency in
 permitting plaintiffs to amend complaints
 after the statute of limitations has expired
 but refusing defendants similar
 opportunities. Here, plaintiff, having
 accepted $15,000 in settlement of her claim,
 could not be heard thereafter to amend her
 claim or to press a new claim. Therefore,
 denying defendant an opportunity to pursue his
 late counterclaim on a 'tolling' theory does
 not create the inconsistency that otherwise
 might justify a tolling of the statute. The
 facts of this case do not implicate the
 tolling question.

 [Ibid. (emphasis added).]

 The facts absent in Molnar are present here. Plaintiff's

timely-filed complaint was pending when defendant filed her first

responsive pleading asserting a germane counterclaim, and

plaintiff delayed filing her complaint until the last day of the

SOL, leaving defendant with no time within which to file a

counterclaim before the running of the SOL. Under these

 8 A-4965-15T3
circumstances, justice requires that defendant's germane

counterclaim be saved from the SOL under the relation-back doctrine

of Rule 4:9-3 or the tolling rationale.

 Reversed and remanded for further proceedings. We do not

retain jurisdiction.

 9 A-4965-15T3